### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GINA N. DEL TINTO, | : | CIVIL ACTION - LAW |
| | : | |
| Plaintiff, | : | NO: 12-70 |
| | : | |
| v. | : | |
| | : | |
| CLUBCOM, LLC, et al. | : | |
| | : | |
| | : | |
| Defendant | : | JURY TRIAL DEMANDED |

### PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiff, Gina N. Del Tinto, by and through her counsel, Susan N. Williams, Esq., and files the within Brief in Opposition to Defendants' Motion for Summary Judgment, in support thereof alleging as follows:

**I.   SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

An issue of material fact is in genuine dispute if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1986); s*ee Doe v. Abington Friends Sch.*, 480

F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof.") (citing *Anderson*, 477 U.S. at 248; *Celotex Corp.*, 477 U.S. at 322-23).

**II.      ARGUMENT**

**1.  Material questions of fact exist as to whether Ms. Del Tinto was regarded as disabled**

In their Brief in Support of their Motion for Summary Judgment, the Defendants initially argue that Ms. Del Tinto cannot meet the first prong of analysis under the ADA because she was not regarded as disabled as a matter of law. (Doc. 39 at 6.) The Defendants do not rely upon case law in support of this argument, electing merely to cite self-serving testimony denying that Ms. Del Tinto was regarded as disabled. (*Id.*) This argument simply is insufficient for the purposes of summary judgment and in stark contrast with applicable precedent and regulations.

With respect to an individual, the ADA defines disability as "A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 USCS § 12102(1). An individual is "regarded as disabled" if he or she "has been subjected to an action prohibited under this Act because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 USCS § 12102(3)(A).

The enactment of the Americans with Disabilities Act Amendments Act ("ADAAA") significantly expanded the coverage of the ADA. Specifically, the regulations interpreting the ADAAA explain that:

> "the definition of 'disability' in this part shall be construed broadly in favor of expansive coverage to the maximum extent permitted by the terms of the ADA. The primary object of attention in cases brought under the ADA should be

>whether covered entities have complied with their obligations and whether discrimination has occurred, not whether the individual meets the definition of disability. The question of whether an individual meets the definition of disability under this part should not demand extensive analysis.

29 CFR 1630.1 (c)(4). As a result, reliance upon pre-amendment precedent that viewed offensive insults as insufficient as a matter of law to support a regarded as claim simply is inappropriate. *See Snyder v. Livingston*, 2012 U.S. Dist. LEXIS 59193 (N.D. Ind. Apr. 27, 2012).

In *Snyder*, the court reviewed and rejected numerous pre-ADAAA cases that were put forth by the defendants in an attempt to show that "calling someone 'mentally unstable' is insufficient as a matter of law to establish a 'regarded as disabled' claim." *Id*. at 24-25. The court concluded that this reliance on pre-ADAAA cases "fails to show that calling [the plaintiff] mentally unstable is insufficient as a matter of law to establish that [the plaintiff] was not regarded as disabled under the amended, more expansive version of the ADA." *Id*. at 25. More importantly, the court recognized that pursuant to the ADAAA, it was not supposed to "engage in an extensive analysis of whether [the plaintiff] is disabled under the ADA, but rather focus on whether [the defendant] has complied with its obligations and whether discrimination has occurred." *Id*. (citing 20 C.F.R. § 1630.1(c)(4)).

In light of this analysis, the *Snyder* court held that affidavits from defense witnesses stating that they did not perceive the plaintiff to be disabled were insufficient to preclude the issue as a matter of law. *Id*. at 26. Because questions remained as to what specifically had been said and whether or not these statements were repeated, the court held that the plaintiff "has presented enough evidence from which a reasonable jury could conclude that [the defendant] regarded her as disabled." *Id*.

In the instant case, the Defendants present a weaker argument than that espoused by the defendants in *Snyder*. Again, the Defendants fail to provide precedential support for their position and merely cite the self-serving testimony from the alleged harasser that she did not regard Ms. Del Tinto as disabled. (Doc. 39 at 6.)  In line with *Snyder*, as well as the well known standard for summary judgment, this statement alone simply does not determine this issue as a matter of law.  *Snyder*, 2012 U.S. Dist. LEXIS 59193 at 26.  A jury is permitted to disbelieve this testimony in light of the circumstances surrounding the case.

Specifically, the jury could disbelieve this statement if it concludes that Ms. O'Toole actually called Ms. Del Tinto a "freaking retard."  It also could reject this testimony if it believes that Ms. O'Toole told co-workers that Ms. Del Tinto was too stupid to drive (Plaintiff's Statement of Material Undisputed Facts[1] No. 52) and that she was too stupid to do her job.  (PSF 51, 56, 58, 65, 66)  Furthermore, the jury could view Ms. O'Toole's failure to communicate with Ms. Del Tinto on work-related matters as a manifestation of these beliefs.  (PSF 51, 54, 55, 56, 57, 58, 65, 66)

In the end, if these facts are to be believed by a jury, they support the reasonable conclusion that Ms. O'Toole regarded Ms. Del Tinto as being disabled and subjected her to repeated discriminatory harassment as a result.  *Snyder*, 2012 U.S. Dist. LEXIS 59193 at 26.

**2. The harassment of Ms. Del Tinto was severe and pervasive**

A hostile work environment is created when a workplace "is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993) (internal quotation omitted) (citation omitted).  As the Supreme Court explained, this standard is a "middle path between making actionable any

---

[1] For purposes of brevity, hereinafter PSF

4

conduct that is merely offensive and requiring the conduct to cause a tangible psychological injury." *Id*. Factors to consider when making this determination are the "frequency of the discriminatory conduct; its severity; whether it is threatening or humiliating or a mere offensive utterance; and whether it unreasonably interferes with an employees work performance." *Id*. at 23.

In the instant case, many of the factors outlined in *Harris* have been supported by factual assertions brought forth throughout discovery. Although the period of time in question only spanned a few weeks, the harassing comments were alleged to be "frequent" during that time and the absolute refusal of Ms. O'Toole to work with Ms. Del Tinto persisted throughout. (PSF 41, 39 42, 54, 55, 56, 59) Accordingly, the conduct certainly satisfied the "frequency" factor. *Harris*, 510 U.S. at 23. In regard to whether the conduct was threatening or humiliating, Ms. Del Tinto's co-workers frequently were told that she was stupid and incapable of performing her job, which became all the more apparent when Ms. O'Toole refused to work with Ms. Del Tinto or assign her work. (PSF 51, 54, 55, 56, 57, 58, 64, 65, 66) It is reasonable to conclude that appearing incompetent and incapable in front of various co-workers is a humiliating experience.

The plausibility of the conduct exhibiting the requisite severity is established by the fact that Ms. Del Tinto was driven to attempt suicide as a result, when Ms. Del Tinto had never before been diagnosed with any psychiatric disorder or attempted suicide. (PSF 27, 28, DSF[2] 11) If the attempt of the Harris Court was to create a lesser standard than that of requiring "a tangible psychological injury," there is little question that Ms. Del Tinto's suicide attempt at least establishes the plausible inference that she was subjected to severe harassment. *Harris*, 510 U.S. at 21.

---

[2] Defendants' Statement of Material Undisputed Facts

Ultimately, Ms. Del Tinto has set forth sufficient facts from which a reasonable jury could conclude that she suffered from harassment that was both severe and pervasive. Accordingly, summary judgment is inappropriate on the basis of this issue.

3. **A question of fact exists as to whether or not Ms. Del Tinto had been terminated and thus was entitled to a reasonable accommodation**

In their argument, the Defendants assert that they did not discriminate against Ms. Del Tinto on the basis of a disability when they failed to provide her with a reasonable accommodation in order to facilitate her return to work following her diagnosis with Major Depressive Disorder. (Doc. 39 at 12.) Pursuant to this argument, the Defendants correctly do not contest the fact that Major Depressive Disorder constitutes a disability within the meaning of the ADA. However, they do contend that Ms. Del Tinto was not eligible for a reasonable accommodation because she had resigned her employment. (*Id*. at 13.)

Despite the Defendants' contentions that it had accepted Ms. Del Tinto's resignation and terminated her employment as of September 15, 2011, this simply is a question of fact that seriously is called into question by virtue of the Defendants' own actions. It is undisputed that Ms. Del Tinto applied for short term disability benefits on October 12, 2011 (DSF 104) and was granted short term disability benefits from the Defendants after the date of her resignation. (PSF 81, 82) Pursuant to this disability policy, only current employees were eligible for such benefits. (PSF 81. 82)

This caveat is extremely important in the instant analysis. An employer is not permitted to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 USCS § 12112(a). A qualified individual is defined as an individual who, with or without a

6

reasonable accommodation, "can perform the essential functions of the employment position that such individual holds or desires." 42 USCS § 12111(10). Accordingly, if Ms. Del Tinto in fact was considered to be an employee as late as October 2011, she continued to hold her position and thus was a qualified individual pursuant to the ADA.

When an employer becomes aware that a qualified individual suffers from a disability, it is obligated to engage in an interactive process to determine if a reasonable accommodation exists to permit the employee to perform the essential functions of his or her job. *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 319-20 (3d Cir. 1999)).

In the instant case, after the Defendants became aware that Ms. Del Tinto attempted suicide, they made absolutely no attempt to engage in an interactive process to ascertain the potential existence of a reasonable accommodation. Rather than fulfill this duty, the Defendants cancelled Ms. Del Tinto's insurance and failed to engage in any conversations about her potential return to work.  (PSF 82, DSF 100, 102)

Because there is a reasonable question of fact as to whether or not Ms. Del Tinto was an employee at the time of this failure, a reasonable jury is entitled to determine whether or not this failure constitutes discrimination pursuant to the ADA.

**CONCLUSION**

Genuine issues of material fact exist as to the issues of whether Ms. Del Tinto was regarded as disabled, whether the harassment was severe and pervasive, and whether Ms. Del Tinto was entitled to a reasonable accommodation following her suicide attempt.  For these reasons, the Motion for Summary Judgment must be denied.

                                          s/Susan N. Williams, Esq.
                                          Susan N. Williams, Esq.
                                          PA ID # 40077
                                          101 North Main Street, Suite 102

Greensburg PA 15601
(724) 838-8110
(724) 838-8115 (fax)
Attorney for Plaintiff

CERTIFICATE OF SERVICE

Susan N. Williams, Esq., attorney for the Plaintiff, certifies that a true and correct copy of Plaintiff's Brief in Opposition to Motion for Summary Judgment, Plaintiff's Response to Defendants' Statement of Material Undisputed Fact, Plaintiff's Statement of Material Undisputed Facts, and Appendices was served on the following individual by electronic mail on the following date:

    Mariah L. Passarelli, Esq.
    Buchanan Ingersoll & Rooney, P.C.
    One Oxford Center, 20th Floor
    301 Grant Street
    Pittsburgh PA 15219-1041


Date:   November 8, 2012

                                          s/Susan N. Williams, Esq.
                                          Susan N. Williams, Esq.
                                          PA ID # 40077
                                          101 North Main Street, Suite 106
                                          Greensburg PA 15601
                                          (724) 838-8110
                                          (724) 838-8115 (fax)
                                          Attorney for Plaintiff