IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GINA N. DEL TINTO, ) | |
| ) | Civil Action No. 12-70 |
| Plaintiff, ) | |
| ) | |
| V. ) | Judge Arthur J. Schwab |
| ) | |
| CLUBCOM, LLC, et al., ) | |
| ) | |
| Defendant. ) | Electronically filed. |

### DEFENDANTS' REPLY BRIEF

Plaintiff's Opposition Brief confirms that Plaintiff is seeking to prosecute an ADA claim even though she had no disability (real, perceived or recorded) while she was employed by ClubCom. Because ADA claims require a disability, Summary Judgment should be granted.

**1. Plaintiff's hostile work environment claim is not saved by *Snyder***

*Snyder v. Livingston* is not precedent, is factually distinguishable and its holding supports dismissal of Plaintiff's hostile environment claim. 2012 WL 1493863 (N.D. Ind. Apr. 27, 2012). In *Snyder*, the plaintiff had "openly discussed her attention deficit disorder" with coworkers and had also told her coworker "about her psychological disorders and treatment." *Id.* at *4. So, not surprisingly, when plaintiff's coworker called plaintiff "emotionally unstable" to her face and told plaintiff's boss that plaintiff was emotionally unstable and others then referred to plaintiff as the "mentally unstable girl," the *Snyder* court recognized the possibility that plaintiff was being perceived as mentally disabled. *Id.* at *4-5. In *Snyder*, the plaintiff had a known mental condition which was being perceived as causing mental instability. However, no such facts are present in this case. Here, Plaintiff did not tell coworkers that she was learning disabled, she did not suffer from any such condition, and she did not project any manifestations

of such a condition. For these distinguishing reasons, *Snyder* cannot resurrect Plaintiff's failure to establish that she was disabled.

Although Plaintiff cites *Snyder* in an attempt to establish prong 1 of her hostile environment claim, a full reading of that case confirms her claim is meritless, even if prong 1 could be established. The *Snyder* court granted summary judgment to the employer on the hostile environment claim finding that a reasonable person would not find being repeatedly called mentally unstable to be hostile or offensive. *Id.* at *15-17. Although Plaintiff in this case seeks to apply a subjective standard (claiming severity can be inferred from the bald assertion that the alleged comments "caused" plaintiff to attempt suicide[1]), the appropriate test is objective. *See Stoppi v. Wal-Mart Transp.*, LLC, 2010 WL 3398990, 8 -10 (M.D.Pa. Aug 26, 2010)(applying objective standard to dismiss ADA hostile environment claim for not being severe or pervasive even though employee with bipolar disorder may have perceived comments about her "mental leave," "bipolar moment," "loony bins," "going postal," etc. as hostile, the conduct was not objectively severe enough for a jury to find a hostile environment).

Because Plaintiff has failed to identify any condition upon which her perceived disability claim is based, has failed to show any connection between the alleged harassment and a disability and the cited "harassing" conduct is not objectively severe or pervasive, her hostile environment claim cannot survive summary judgment.

**2. Plaintiff has abandoned her retaliation claim**

Plaintiff has conceded that she cannot establish a retaliation claim by failing to oppose Defendants' summary judgment argument and by admitting facts establishing she can prove no causation. *See e.g., Palmer v. Marion Cnty.,* 327 F.3d 588, 597-98(7th Cir. 2003)(any issue

---

[1] Though Plaintiff alleges here, with no evidence, that her suicide attempt was "caused" by work stresses, in her Short Term Disability application, she denied that her alleged depression resulted from work. (Defendants' Exhibit 3).

raised in the summary judgment motion that the non-moving party ignores is deemed abandoned); *see also, Arab African Intern. Bank v. Epstein*, 10 F.3d 168, 172 n. 2 (3d Cir. 1993)(holding that an argument not raised by plaintiff in response to defendant's motion for summary judgment had been waived); *Stroud v. Abington Memorial Hosp.*, 2008 WL 2061408, *17 (E.D.Pa. May 13, 2008)("presenting arguments in response to a motion for summary judgment is the responsibility of the non-moving party, not the court").

Plaintiff cannot establish any of the three prongs necessary for a retaliation claim.  While she has failed to refute Defendants' argument that she lacks any protected activity (ECF # 39, p. 9-10) or adverse employment action (*Id.* 10-11), she concedes she is unable to prove causation. Plaintiff has now conceded that there is no link between her alleged (but legally insufficient) protected activity (i.e. Plaintiff's alleged complaint to Lapcevic about O'Toole allegedly calling Plaintiff a "freaking retard") and the alleged (but legally insufficient) adverse employment action (O'Toole's alleged mistreatment of Plaintiff thereafter).  Plaintiff now admits that there is no record evidence establishing that O'Toole ever even knew of Plaintiff's complaint to Lapcevic making it impossible for her to have retaliated.  (Joint SMF, at § A ¶ 41).  Without causation, Plaintiff has no claim for retaliation.

As Plaintiff concedes through her opposition documents, O'Toole chose not to associate with Plaintiff not because of some alleged protected activity (that O'Toole knew nothing about) but because O'Toole thought Plaintiff was a "bitch," was crude, had an offensive manner of speaking, and used offensive language.  (Joint SMF, at § A ¶ 41; § B ¶¶ 1-5).

   3.   **Plaintiff's receipt of Short Term Disability benefits is a red herring**

Plaintiff admits that when she submitted her written resignation on September 13, 2011 and when ClubCom accepted her resignation, she suffered from no disability. (Joint SMF, at § A

¶¶ 11, 60, 104). As the court reasoned in *Gingold,* Plaintiff's resignation ends the employer's obligation to engage in the interactive process even if the employee has second thoughts before his/her last scheduled day of work. *See Gingold v. Bon Secours Charity Health System*, 768 F.Supp.2d 537, 545 (S.D.NY 2011), *citing*, *Rush v. Verizon Va., Inc.*, 2004 WL 2900654, *3 (W.D.Va. Dec. 9, 2004)(court found employer ceased to owe an ADA duty to accommodate an employee suffering from bipolar disorder once she resigned, even though three days later she claimed to be not "in [her] right state of mind" when she resigned). Plaintiff cannot distinguish *Gingold,* and has therefore chosen to ignore it. Because the *Gingold* court's reasoning is sound and the facts here are even more compelling for the employer, *Gingold* compels summary judgment be granted to Defendants.

Even more, Plaintiff also admits that it was not until after her employment ended that ClubCom even became aware that she had allegedly attempted suicide. (ClubCom decided on September 15, 2011 to make the 16th Plaintiff's last day of work but did not learn until after the 16th that she had allegedly attempted suicide). (Joint SMF, at § A ¶¶ 73-79, 83-87) Thereafter, Plaintiff made no effort to rescind her resignation, made no attempt to get her job back, told no one at ClubCom that she had authorized her mother to do so on Plaintiff's behalf and never informed ClubCom that she suffered from a purported disability. (Joint SMF, at § A ¶¶ 89-93, 98). Because Defendants had no knowledge of Plaintiff's purported disability when she resigned and her employment ended, it had no obligation to engage in the interactive process – especially where Plaintiff gave no indication she desired to do so.

The fact that Plaintiff received STD benefits alters nothing. Plaintiff applied for STD benefits through a third party administrator (TR Paul), eligibility determinations were made and STD benefits were paid by a third party insurance company (Principal Financial Group). (Tab

A, attached hereto; Plaintiff's Exhibit 8). ClubCom did not make an STD eligibility determination, and Plaintiff fails to provide any insight as to what standard the Principal Financial Group applied in making its determination. (*Id.*). It is quite possible that the administrator and/or insurance company simply could not be certain when Plaintiff's claim arose, and because it was for a relatively small amount ($1,530 gross), decided to pay it to avoid an ERISA claim. Regardless, Plaintiff offers no evidence revealing upon what basis the Principal Financial Group made its determination or explain how such a third party decision could be used to bind Defendants. More importantly, Plaintiff fails to explain how the receipt of STD benefits – for a claim that Plaintiff admits arose after she resigned - alters the application of the court's reasoning in *Gingold*.

Because Plaintiff has failed to establish an ADA claim, her Amended Complaint should be dismissed with prejudice and summary judgment granted to Defendants on all counts.

Dated: November 13, 2012              Respectfully submitted,

                                       */s/ Mariah L. Passarelli*
                                       Gregory A. Miller *(PA 69807)*
                                       gregory.miller@bipc.com
                                       Mariah L. Passarelli *(PA 202469)*
                                       mariah.passarelli@bipc.com

                                       BUCHANAN INGERSOLL & ROONEY PC
                                       One Oxford Centre, 20th Floor
                                       301 Grant Street
                                       Pittsburgh, PA  15219-1041
                                       Phone:  (412) 562-8872
                                       Fax:     (412) 562-1041

                                       *Attorneys for Defendants*