IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GINA N. DEL TINTO,

    Plaintiff,

    v.

CLUBCOM, LLC,

    Defendant.

12cv0070
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER RE:
PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. NO. 64)**

On October 29, 2012, Defendant filed a Motion for Summary Judgment and Brief in Support in the above-captioned matter. Doc. Nos. 36, 39. Plaintiff filed her Brief in Opposition on November 8, 2012. Doc. No. 44.

This Court granted Summary Judgment to Defendant by way of an Opinion and Order both dated November 15, 2012. Doc. Nos. 61, 62. On November 20, 2012, Plaintiff filed a Motion for Reconsideration and Brief in Support. Doc. Nos. 64, 65. On November 27, 2012, Defendant filed a Response to Plaintiff's Motion for Reconsideration. Doc No. 67. The reconsideration matter is now ripe for adjudication. Plaintiff's Motion will be granted in part and denied in part.

**I.    Standard of Review**

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a

clear error of law or to prevent manifest injustice. See, *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. *Pahler v. City of Wilkes Barre*, 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001). A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Rossi v. Schlarbaum*, 600 F. Supp. 2d 650, 670 (E.D. Pa. 2009).

**II.     Discussion**

Plaintiff raises two issues before this Court, arguing that she is entitled to reconsideration of this Court's Order granting summary judgment in favor of the Defendant. Plaintiff contends that the Court made a "manifest error of law" by: (1) failing to address Count 2 of her Amended Complaint, and (2) basing a portion of its decision on an "argument" the Court raised *sua sponte*. The Court finds that despite Plaintiff's slight mischaracterization of *Max's Seafood Café,* the first argument Plaintiff makes is valid, but the second lacks merit.

**A. Reconsideration related to Count 2 of Plaintiff's Amended Complaint**

Plaintiff contends that this Court in its prior Opinion (doc. no. 61) did not address whether summary judgment should be granted in favor of Defendant as to Count Two of her Amended Complaint. Count Two of Plaintiff's Amended Complaint is styled, "Count 2: ADA-Discriminatory Termination[.]" Doc. No. 24, p. 7.

Defendant contends that this Court adequately addressed Plaintiff's discriminatory termination claim set forth in Count Two by finding that Plaintiff did not possess a "disability" as that term is defined by the ADA and thus, ruled in favor of Defendant.

In its prior Opinion, the Court held first and foremost, Plaintiff did <u>not</u> have an ADA-definable disability. See Doc. No. 61. As noted in the Court's prior Opinion, Plaintiff readily admitted that she did not have a learning disability (nor any other mental impairment) at the time a co-worker used a perjorative term concerning Plaintiff's mental capacity. Doc. No. 61, p. 3, citing to the parties Joint Statement of Material Facts (doc. no. 60) at ¶¶ 10, 12, 17, 30. The Court's prior Opinion further noted that it is well-settled law that the ADA prohibits employers from discriminating against those individuals who have "qualified disabilities." Doc. no. 61, p. 5, citing 42 U.S.C. § 12112. Ultimately, the Court held that because Plaintiff admitted that she did not have a learning disability or other mental impairment (*i.e.,* a "qualified disability") when she was subjected to her co-worker's use of a perjorative term related to her mental capacity, Plaintiff failed to prove her *prima facie* case for an ADA-based claim. Doc. No. 61, pp. 8-9.

This ruling applies to every one of Plaintiff's ADA claims set forth throughout her Amended Complaint, including Plaintiff's ADA discriminatory termination claim set forth in Count Two of her Amended Complaint. The Court's Opinion in this regard remains intact and by partially granting Plaintiff's Motion for Reconsideration, the Court does not in any way rescind any portion of its prior Opinion filed at document number 61.

However, Plaintiff contends that the Court's analysis in its prior Opinion (doc. no. 61) applied only to her ADA-hostile work environment and retaliation claims. She argues that Count Two of her Amended Complaint, which asserts a claim for wrongful termination under the ADA was not specifically addressed by this Court.

The Court agrees that its prior Opinion fails to specifically apply its ruling to Plaintiff's discriminatory termination claim, and will, by way of separate Memorandum Opinion and Order, filed contemporaneously herewith, specifically address the discriminatory termination matter, given that the parties have already fully briefed the discriminatory termination issue. See Defendant's Brief in Support of its Motion for Summary Judgment, doc. no. 39, pp. 12-15, Plaintiff's Brief in Opposition, doc. no. 44 at pp. 6-7, and Defendant's Reply Brief, doc. no. 58, at pp. 3-5.

**B. Reconsideration as to Definition of Disability**

Plaintiff also argues in her Motion for Reconsideration that this Court's prior Opinion (doc. no. 61) *sua sponte* raised or created some new issue upon which it then determined that Plaintiff was not disabled under the ADA. See Doc. No. 65, pp. 2-3. Plaintiff specifically contends that this Court "concluded that [Plaintiff could] not prove that her employer regarded her as disabled" and thus, granted summary judgment to Defendant finding that Plaintiff failed to make out a *prima facie* case for hostile work environment. Id., at p. 2 citing to the Court's Prior Opinion, doc. no. 61, pp. 7-8.

Before the Court discussed the "regarded as disabled" case law found on pages 6 and 7 of the Opinion and applied it to this case, the Court began by setting forth the case law which describes Plaintiff's threshold burden in any ADA case – namely to possess a "disability" as that term is defined by the ADA. Doc. No. 61, p. 5. Immediately thereafter, the Court noted:

> Here, Plaintiff has admitted that she does not have a "mental impairment that substantially limits one or more major life activities," and she does not contend that there is a record of her having such an impairment. Plaintiff admits that the only way that she can meet her burden of proving that she has a disability, and thus, has a viable claim under the ADA, would be if she was regarded as having a mental impairment.

Doc. No. 61, p. 6.

It is seemingly the last sentence quoted above to which Plaintiff takes offense. In that sentence this Court, upon its own review of the ADA case law, determined that because Plaintiff admitted that she did not possess a learning disability, and further admitted that her employer had no record of her having any sort of learning or mental capacity disability, the only way her ADA-based claims could survive would be if the employer "regarded her as disabled."

This Court did not *sua sponte* create an argument by merely reviewing and discussing the case law surrounding the definition of how a person, such as Plaintiff, could be found to have an ADA-based disability. Once the Court analyzed the facts of the case at bar and applied the law concerning the definition of a disability under the ADA, it held that Plaintiff could not meet her burden of proving a *prima facie* case for any claim under the ADA. Doc. No. 61, pp. 5-9.

The Court finds that Plaintiff is merely attempting to take a second bite at the apple and relitigate the issue of whether she meets the definition of disability. As such, the Court will deny this portion of her Motion for Reconsideration.

**III.     Conclusion**

Plaintiff's Motion for Reconsideration will be granted in part and denied in part. The Motion will be GRANTED as to Plaintiff's request that the Court specifically address Defendant's Motion for Summary Judgment with respect to Count Two of her Amended Complaint. Because the parties have already fully briefed the issue, the Court will issue its Opinion in this regard in due course. The Motion for Reconsideration will be DENIED in all other respects.

**ORDER OF COURT**

AND NOW, this 7th day of December, 2012, Plaintiff's Motion for Reconsideration of the Court's Opinion and Order filed at document numbers 61 and 62 is GRANTED IN PART and DENIED IN PART.  The Motion for Reconsideration is GRANTED as to Plaintiff's request that the Court specifically address Defendant's Motion for Summary Judgment with respect to Count Two of her Amended Complaint.   Because the parties have already fully briefed the issue, the Court will prepare its Opinion in this regard in due course.

The Motion for Reconsideration is DENIED in all other respects.


　　　　　　　　　　　　　　　　　　　s/   Arthur J. Schwab
　　　　　　　　　　　　　　　　　　　Arthur J. Schwab
　　　　　　　　　　　　　　　　　　　United States District Judge


cc: All ECF Counsel of Record